IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STANDLEY JOSEPH,

    Petitioner,

v.	CASE NO. 4:13-cv-550-RH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The Petition stems from Petitioner's 2010 Leon County criminal convictions for sale or possession with intent to sell cocaine.  Respondent filed a motion to dismiss the Petition as time-barred, Doc. 11, and Petitioner filed a response in opposition, Doc. 13.  For the following reasons, the motion to dismiss should be granted.[1]

**One-Year Limitations Period**

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  A one-year period of limitations applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

>review or the expiration of time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

Petitioner's state court procedural history is as follows: Petitioner was charged by amended information with one count of sale or possession of cocaine with intent to sell within 1,000 feet of a convenience store, and one count of sale or possession of cocaine with intent to sell within 1,000 feet of a church.  (Doc. 11-1 at 21.)  Petitioner entered a plea of no contest on October 5, 2010.  (Doc. 11-1 at 27-28.)  Petitioner was adjudicated guilty and sentenced on the same day, October 5, 2010, to fifty-six months incarceration on both counts, followed by a twenty-four months of probation.  (Doc. 11-1 at 30-39.)  Petitioner did not appeal.  (Doc. 11-1 at 4-6.)

Thus, Petitioner's judgment and sentence became final on November 4, 2010, thirty days after they were rendered on October 5, 2010, at the expiration of his chance to appeal.  Fla. R. App. P. 9.140(b)(3).  The one-year limitations period started the next day, November 5, 2010, and ran until it expired on the next year on November 5, 2011,

without any tolling.  See *Ferreira v. Sec'y Dept. Of Corr.,* 494 F.3d, 1289, n.1 (noting that the AEDPA limitations period should be calculated using the "anniversary date of the triggering event").

Although Petitioner filed a Fla. R. Crim. P. 3.800(a) motion to correct illegal sentence on December 16, 2012, this motion does not count as a tolling motion because there was no time left to toll.  (Doc. 11-1 at 45-48.)  The motion was denied on February 14, 2013.  (Doc. 11-1 at 57.)  Petitioner appealed the denial of his motion, and the First DCA *per curiam* affirmed.  (Doc. 11-1 at 60, 82.)

Petitioner's original federal habeas petition was provided to prison officials for mailing on August 15, 2013.  (Doc. 1.)  Thus, his petition was filed more than a year *after* the limitations period expired on November 5, 2011.

Accordingly, because Petitioner did not file the instant habeas petition until more than a year after the limitations period already had expired, his petition is due to be dismissed as time-barred unless he can demonstrate entitlement to equitable tolling or some other exception to AEDPA's one-year limitation period.

**Petitioner is Not Entitled to Equitable Tolling**

Respondent contends that Petitioner is not entitled to equitable tolling because the delay in presenting Petitioner's claims was within his control and was not unavoidable.  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).  It is "an extraordinary remedy which is

typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner makes no meritorious showing that he is entitled to equitable tolling in his Petition. Although he argues in his response to the motion that he did not receive due process in the state court with regard to the disposition of his 3.800(a) motion, the Court can conceive of no explanation that would have prevented the timely filing of his Petition, and Petitioner has not given one. Thus, Petitioner has failed to meet his burden of proving entitlement to equitable tolling by showing "extraordinary circumstances that were both beyond his control and unavoidable even with diligence that prevented filing the petition on time." *Jones v. United States*, 304 F. 3d 1035, 1039-40 (11th Cir. 2002).

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing

Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondent's Motion to Dismiss, Doc. 11 should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DISMISSED**.

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS,** at Gainesville, Florida, this 9th day of December 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.